Justice Jim Rice
concurring.
*458 ¶45 I concur with the Court on all issues but would resolve Issue 1 under the rationale set forth by the District Court.
¶46 Hansens’ complaint alleged that “all of the work performed by [Alexander] was rendered useless” because of Alexander’s faulty installation of the plumbing system. Section V(15) of the CGL policy broadly defines “property damage” to include “[l]oss of use of tangible property that is not physically injured.” I would conclude that Hansens’ claim fell within this definition. However, though qualifying under that definition, the claim was nonetheless removed from coverage under Section I, Coverage A(2)(m), which provides that “insurance does not apply to”:
Damage to Impaired Property or Property Not Physically Injured
“Property damage” to “impaired property” or property that has not been physically injured, arising out of:
(1) A defect, deficiency, inadequacy or dangerous condition in “your product” or “your work”; or
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
The policy here narrowed the coverage for “property damage” involving property not physically impaired by excluding coverages for alleged defective conditions in Alexander’s work product and for any alleged failure by Alexander to perform as agreed in regard to such property. These definitions include Hansens’ claim in regard to the plumbing system.
¶47 I concur in affirming the District Court.